

```
                IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION    FILED 5/23/08
                                                                      JUDGE COAR
Christopher Briggs, P.O. Box 56001,      ]                            MAG. JUDGE NOLAN
          Harwood Heights, Illinois 60656, ]                          08 CV 2860    KJ
                                         ]
         Plaintiff,                      ]
                                         ]
                  v.                     ]    08CV2860
                                              JUDGE COAR
Ian S. Kasper, 33 N. County Street,           MAG. JUDGE NOLAN
          Waukegan, Illinois 60085,

Jason Humke, 18 N. County Street,        ]
          Waukegan, Illinois 60085,      ]
                                         ]
         Defendants.                     ] Demand for Jury Trial
```

## COMPLAINT

### STATEMENT OF THE CASE

1.) This action arises from a conspiracy by the Defendants to deprive Plaintiff of Constitutionally guaranteed and protected rights to due process and equal protection of the law.

### JURISDICTION

Jurisdiction of this court is invoked according to:

2.) 42 USC 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3.) Article of Amendment XIV to the Constitution of the United States of America, which states, in relevant part:

> Section 1. ... No State shall make or enforce any law ... nor shall any State deprive any person of ... liberty, or property, without due process of law; nor deny to

MAY 16 2008
RECEIVED
MAY 16 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

any person within its jurisdiction the equal protection of the laws.

4.) 28 USC sec. 1367, for supplemental state claims.

5.) 28 USC sec. 1331, the general federal question statute, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6.) 28 USC sec. 1343, to cover damages under USC sec. 1983.

7.) The Declaratory Judgment Act. 28 USC 2201, which allows the court to declare the rights of the parties.

8.) Further necessary and proper relief based on a declaratory judgment, 28 USC sec. 2202.

9.) 28 USC 1651, the All Writs Act.

## ALLEGATIONS AND FACTS

10.) On November 19, 2007, Plaintiff appeared for a hearing in a criminal case in the Lake County Courthouse, Waukegan, Illinois.

11.) At the conclusion of that hearing, the presiding judge set the next hearing for December 10, 2007 at 2:30pm.

12.) Defendant Humke was present at the November 19th hearing, representing the State.

13.) When Plaintiff appeared on December 10th at 1:30pm for the 2:30pm hearing, Plaintiff was arrested for failing to appear.

14.) With full knowledge that the December 10th hearing was set for 2:30pm, Defendant Humke called the December 10th hearing at 10:00am, and then again at 10:30am.

15.) Defendant Humke failed to fulfill his duty to protect the Constitutional Rights of the Plaintiff to the due process and equal protection of the law.

16.) When Plaintiff "failed to appear" at either 10:00am or 10:30am for the 2:30pm hearing, Defendant Humke recommended that the presiding judge issue a warrant for Plaintiff's arrest, which the presiding judge did.

17.) Defendant Kasper was appointed by the court to represent Plaintiff, and has failed and refused to challenge Plaintiff's December 10th arrest for "failure to appear".

18.) Defendant Kasper has failed to provide Plaintiff with effective assistance of counsel by failing to subject the issuance of the December 10th Arrest Warrant to meaningful adversarial testing.

### RELIEF REQUESTED

1.) Compensatory damages as determined by the trier of fact.

2.) A declaratory judgment that the December 10, 2007 Arrest Warrant was, and is, void.

3.) A declaratory judgment that Defendant Kasper has failed to provide Plaintiff with effective assistance of counsel.

4.) A declaratory judgment that Defendant Humke has failed to protect the Constitutional Rights of the Plaintiff to the due process and equal protection of law.

5.) A declaratory judgment that the practices of the Defendants violate the substantive and procedural due process rights of the Plaintiff to due process and equal protection of the law.

6.) Trial by jury on all issues triable by jury.

7.) Since the acts of the Defendants were done to inflict punishment on the Plaintiff, and demonstrate outrageous conduct, done voluntarily, willfully, wantonly, and maliciously, with reckless disregard of the Plaintiff's rights and interests, Plaintiff seeks punitive damages for an amount as determined by the trier of fact.

8.) Plaintiff's cost of the suit.

9.) An order from the court explaining wherein the complaint is deficient and how to correct it.

10.) Such other relief as this court deems just, proper, and equitable.

Date: May 16, 2008

VERIFICATION

Under the pains and penalties of perjury, pursuant to 28 USC § 1746, the undersigned certifies that the foregoing representations are true and correct to the undersigned's best knowledge, information, and belief.

Respectfully submitted,

/s/ Christopher A. Briggs
Christopher A. Briggs
P.O. Box 56001
Harwood Heights, Illinois 60656

4