

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Christopher Briggs,<br>  Plaintiff,<br><br>  v.<br><br>Ian S. Kasper,<br>Jason Humke,<br>  Defendants. | Civil Action No: 1:08-cv-2860<br><br>Hon. David H. Coar,<br>  Judge presiding |

**FILED**
JUL 3 0 2008  PH
Jul 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION OF PLAINTIFF UNDER FED.RULES CIV.PROC.RULE 59(e) TO ALTER OR AMEND JUDGMENT RELATING TO ORDER (Doc 9) DISMISSING CASE SUA SPONTE

Plaintiff Christopher A. Briggs respectfully asks that this Court's Judgment (Order) of July 16, 2008 (doc 9) dismissing this Case *sua sponte* be set aside because that Judgment was a manifest error of law and perpetrated a manifest injustice upon Plaintiff Christopher A. Briggs.

### TIMELINESS OF MOTION

A motion to alter or amend a judgment under Rule 59(e) must be filed within 10 days of the entry of the judgment, although as a practical matter this means 14 days, because weekends are excluded. *S.E.C. v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002).

### PURPOSE OF RULE 59(e) MOTIONS

Motions under Rule 59(e) are "to bring the court's attention to newly discovered evidence or to a manifest error [of] law or fact." *Kapelanski v. Johnson*, 390 F.3d 525, 532 (7th Cir 2004), quoting *Neal v. Newspaper Holdings, Inc.*, 349 F3d 363, 368 (7th Cir 2003); see also *FDIC v. Meyer*, 781 F2d 1260, 1268 (7th Cir 1986).

1

## STANDARD OF REVIEW

A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant points to evidence in the record that clearly establishes a manifest error of law. See *County of McHenry v. Insurance Co. of the West*, 438 F3d 813, 819 (7th Cir 2006), quoting *Matter of Prince*, 85 F3d 314, 324 (7th Cir 1996), citing *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F3d 746, 749 (7th Cir 1995); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F3d 1263, 1267 (7th Cir 1995), quoting *Meyer*, 781 F2d at 1268.

Altering or amending a judgment is permissible when there has been a manifest error of law. See *Harrington v. City of Chicago*, 433 F3d 542, 546 (7th Cir 2006), citing *Bordelon v. Chicago School Reform Bd. of Trs.*, 233 F3d 524, 529 (7th Cir 2000).

## GROUNDS FOR RELIEF

Sua sponte dismissals of claims are not favored in this Circuit. *Walker v. Monsanto Co. Pension Plan*, 472 FSupp2d 1053, 1055 (SD Ill 2006), *Ricketts v. Midwest Nat'l Bank*, 874 F2d 1177, 1185 (7th Cir 1989); *Shockley v. Jones*, 823 F2d 1068, 1072-73 (7th Cir 1987); *Doe v. St. Joseph's Hops. of Fort Wayne*, 788 F2d 411, 414-15 (7th Cir 1986).

They [*sua sponte* dismissals] may be criticized on several grounds. First, they conflict with traditional adversarial concepts of justice to the extent that they make the district court "a proponent rather than an independent entity." *Doe*, 788 F2d at 415, citing *Tingler v. Marshall*, 716 F2d 1109, 1111 (6th Cir 1983); see *Franklin v. Oregon*, 662 F2d 1337, 1342 (9th Cir 1981).

Second, such dismissals may ultimately waste, rather than economize, judicial resources, by producing appeals and remands that might have been avoided. *Doe*, 788 F2d at 415, citing *Salibra v. Supreme Court of Ohio*, 730 F2d 1059, 1062 (6th Cir.); *Tingler*, 716 F2d at 1111; *Franklin*, 662 F2d at 1342; *Lewis v. New York*, 547 F2d 4 (2d Cir 1976).

Third, *sua sponte* dismissals may prejudice plaintiffs by depriving them of an opportunity to amend their complaints or to argue against the dismissal. *Doe*, 788 F2d at 415, citing *Tingler*, 716 F2d at 1111.

We cannot find a Seventh Circuit case in which a *sua sponte* dismissal without any notice and opportunity to be heard has been upheld ... . See *Eades v. Thompson*, 823 F2d 1055, 1061-62 (7th Cir 1987), quoting *Doe*, 788 F2d at 414-16 (citations and footnotes omitted).

It is rudimentary that a court cannot *sua sponte* enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond. See *Dawson v. Newman*, 419 F3d 656, 660 (7th Cir 2005), quoting *English v. Cowell*, 10 F3d 434, 437 (7th Cir 1993).

If the district court dismisses an action *sua sponte*, it is required to give the losing party notice of its intent to do so and an opportunity to respond. See *Stewart Title Guar. Co. v. Cadle Co.*, 74 F3d 835, 836 (7th Cir 1996), citing *Ricketts*, 874 F2d at 1185.

We have found that *sua sponte* dismissals without such procedures [court's

notice to parties of its intent to *sua sponte* dismiss case and opportunity to respond] conflict with our traditional adversarial system principles by depriving the losing party of the opportunity to present arguments against dismissal and by tending to transform the district court into "a proponent rather than an independent entity." *Stewart*, 74 F3d at 836, citing *Ricketts*, 874 F2d at 1184; *Horn v. City of Chicago*, 860 F2d 700, 703 n. 6 (7th Cir 1988).

As the Supreme Court has stated "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Eades*, 823 F2d at 1062, quoting *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

## DENAIL OF DUE PROCESS - VOIDNESS

The core of due process is the right to notice. See *Lachance v. Erickson*, 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695 (1998), citing *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

Elementary and fundamental requirement of due process in any proceeding is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford interested parties an opportunity to present their objections. See *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950); see also *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30

4

(1978) (purpose of notice under the Due Process Clause is to apprise the affected individual of an impending hearing).

Order in which the rendering court acted in a manner inconsistent with due process of law is void. *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir. 1998), citing *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995); *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998), citing *Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir. 1981); *Grun v. Pneumo Abex Corp.*, 170 F.R.D. 441, 446 (N.D.Ill. 1996).

## SUMMARY AND CONCLUSION

Summary dismissal requires notice and an opportunity to respond.

This Court's Order of July 16, 2008 (doc 9), which *sua sponte* dismissed this Case, failed to provide Plaintiff Christopher A. Briggs with such notice and opportunity.

Also, this Court's denial of Plaintiff's Constitutional Right to the due process of notice and opportunity to respond makes the July 16th Order void.

That summary dismissal was manifest error of law and perpetrated a manifest injustice upon Plaintiff Christopher A. Briggs.

According, Plaintiff Christopher A. Briggs asks this Court to set aside its July 16, 2008 Order dismissing this Case *sua sponte*.

Under the pains and penalties of perjury according to 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in this instrument are true and correct to the undersigned's best personal knowledge, information and belief.

Respectfully submitted,

*Christopher Briggs*
Christopher Briggs
P. O. Box 56001
Harwood Heights, Illinois 60656-0001
847 687-5590

**CERTIFICATE OF SERVICE**

I hereby certify under the pains and penalties of perjury that a Duplicate of this MOTION OF PLAINTIFF UNDER FED.RULES CIV.PROC.RULE 59(e) TO ALTER OR AMEND JUDGMENT RELATING TO ORDER (Doc 9) DISMISSING CASE SUA SPONTE was served upon the parties designated below by placing same in the U.S. Mail on July 30, 2008 with proper and sufficient postage attached and prepaid.

Ian S. Kasper, 33 N. County Street, Waukegan, Illinois 60085
Jason Humke, 18 N. County Street, Waukegan, Illinois 60085

*Christopher Briggs*
Christopher Briggs